Martin, J.
delivered the opinion of the court. The plaintiff claims $760 for the board of the defendant, and for part of his enclosures and out houses, occupied by the defendant’s horses, gig and goods; and two dollars and forty cents, for coffee and candles. He gave credit for $28, for six demijohns of wine, leaving a balance in his favour of $734 40 cts.
The defendant pleaded the pendency of a suit, for the same cause of action, in the parish court; that he was not liable to pay the sum claimed, nor any part thereof; that the plainti *660 ff owed him $900 for money lent, goods sold, and $200 92 cents on a note of hand; and urged that the claim in the petition, if it ever existed, was thereby more than compensated, and he prayed judgment for the balance.
The jury gave a verdict and the court judgment, to the defendant, for $53 and costs. The plaintiff appealed.
Poydras deposed, that in December, 1821, he was requested by the plaintiff to settle a claim which the latter had against the defendant, who, on being spoken to declined attending thereto at the moment, for want of time, as he could not then draw an account which lie had to offer in compensation; that a week after, the witness went to the defendant, who presented his account, and the witness settled the plaintiff’s claim for eighteen mouths board, at $200 a year, the price which the plaintiff charged, and found a balance of $190 against the defendant, who offered his note at three or six months. He afterwards gave to the plaintiff a barrel of wine valued at $20, as part payment, which reduced the balance to $170. He, at the time, mentioned his having a note of the plaintiff’s, which had been mislaid. He did not give any note to the plaintiff who *661 would not take one at so long a period, but offered a gig in payment. He afterwards showed the witness a due bill of the plaintiff’s in the following words and figures, "I owe Mr. L. Holland $200 92. July 22d, 1820. H. P. Nugent."
The plaintiff asked a witness whether he was in the habit of giving notes, in which the sum was stated in figures; but the court thought the question improper.
Other witnesses were heard, as to the price of board in the place, and mentioned several prices.
The plaintiff’s counsel urges, that a note, in which the sum to he paid is stated in figures, is void; and that the court erred in receiving that mentioned in the answer, as evidence.
To establish his proposition, the counsel shows that a promissory note is held by law to be of equal validity, and entitled to the same faith and credit, with acts passed before a notary public: and he hence concludes that, as notaries must write out in full all their words, without abbreviations, and shall not otherwise express the name of a person, of a place, nor a sum of money, or any thing else, otherwise the act to be void, notes of *662 hand are void in which the name of either party, the place or the sum is otherwise expressed than by worth written out in full.
Neither the premises nor the conclusion can be granted.
The notarial act is an authentic, the promissory note a private one. The first a matter of record, the other a matter in pays.
The first, must be executed in the presence of two witnesses ; the other does not require the presence of any.
The verb to express, in our opinion, may properly be used to denote the designation of a sum of money, either in words or in figures.
Of this, the counsel for the plaintiff furnishes us with examples. Beawes recommends, that the sum be distinctly expressed, both in words and figures. The Recopilacion requires, that notaries should not express sums of money, otherwise than by words.
In what a situation would we place our banks, were we to decide that the strict rules to which notarial acts are subject, extend to bills and notes. In the latter, the names of the parties are very seldom indeed written out at full length. The first name is generally abbreviated—the words, value received—long *663 names of cities, such as Philadelphia, Nouvelle Orleans, &c. are frequently so. A considerable portion of the paper in circulation would, by the decision which is pressed on us, be avoided.
Workman for the plaintiff, Davesac for the defendant.
It is certainly very unsafe, and may be said improper, to state the sum to be paid in a bill or note in figures; but no law avoids a bill or note on that account, and authorizes us to allow a person, who gives such a bill or note, to avail himself of his own wrong and get rid of his obligation.
We are of opinon, the district judge did not err in refusing to prevent the document produced to go to the jury, on the ground that the sum was there stated in figures.
It is therefore ordered, adjudged and decreed, that the judgment be affirmed with costs.